# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT BERG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CLUBCORP HOLDINGS, INC., JOHN A. BECKERT, DOUGLAS H. BROOKS, ERIC L. AFFELDT, JANET GROVE, JEFF LAMB, LOU J. GRABOWSKY, EMANUEL R. PEARLMAN, MARGARET SPELLINGS, WILLIAM E. SULLIVAN, SIMON M. TURNER, CONSTELLATION CLUB PARENT, INC., CONSTELLATION MERGER SUB INC., and APOLLO GLOBAL MANAGEMENT, LLC,<br><br>Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on July 9, 2017 (the "Proposed Transaction"), pursuant to which ClubCorp Holdings, Inc. ("ClubCorp" or the "Company") will be acquired by affiliates of Apollo Global Management, LLC ("Apollo Global"), Constellation Club Parent, Inc. ("Parent") and Constellation Merger Sub Inc. ("Merger Sub," and together with Parent and Apollo Global, "Apollo").

2.      On July 9, 2017, ClubCorp's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger

Agreement") with Apollo.  Pursuant to the terms of the Merger Agreement, shareholders of ClubCorp will receive $17.12 per share in cash.

3.      On July 26, 2017, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of ClubCorp common stock.

9.      Defendant ClubCorp is a Nevada corporation and maintains its headquarters at

3030 LBJ Freeway, Suite 600, Dallas, Texas 75234. ClubCorp's common stock is traded on the NYSE under the ticker symbol "MYCC."

10.    Defendant John A. Beckert ("Beckert") has served as a director and Chairman of the Board of ClubCorp since August 2013.

11.    Defendant Douglas H. Brooks ("Brooks") has served as a director of ClubCorp since August 2013.

12.    Defendant Eric L. Affeldt ("Affeldt") has served as a director, President, and Chief Executive Officer ("CEO") of ClubCorp since 2006.

13.    Defendant Janet Grove ("Grove") has served as a director of ClubCorp since August 2013.

14.    Defendant Jeff Lamb ("Lamb") has served as a director of ClubCorp since June 2016.

15.    Defendant Lou J. Grabowsky ("Grabowsky") has served as a director of ClubCorp since August 2015.

16.    Defendant Emanuel R. Pearlman ("Pearlman") has served as a director of ClubCorp since May 2017.

17.    Defendant Margaret Spellings ("Spellings") has served as a director of ClubCorp since September 2015.

18.    Defendant William E. Sullivan ("Sullivan") has served as a director of ClubCorp since August 2013.

19.    Defendant Simon M. Turner ("Turner") has served as a director of ClubCorp since May 2017.

20.    The defendants identified in paragraphs 10 through 19 are collectively referred to

herein as the "Individual Defendants."

21.    Defendant Parent is Delaware corporation and a party to the Merger Agreement.

22.    Defendant Merger Sub is a Nevada corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

23.    Defendants Parent and Merger Sub are affiliates of Apollo Global.

## CLASS ACTION ALLEGATIONS

24.    Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of ClubCorp (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

25.    This action is properly maintainable as a class action.

26.    The Class is so numerous that joinder of all members is impracticable.  As of July 3, 2017, there were approximately 65,717,593 shares of ClubCorp common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

27.    Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

28.    Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

29.    The prosecution of separate actions by individual members of the Class would

create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

30.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

31.     ClubCorp was founded in 1957.  Today, the Company owns or operates more than 200 golf and country clubs, business clubs, sports clubs, and alumni clubs in twenty-eight states, the District of Columbia, and two foreign countries.

32.     ClubCorp's nationally recognized properties include: Firestone Country Club, Akron, Ohio; Mission Hills Country Club, Rancho Mirage, California; The Woodlands Country Club, The Woodlands, Texas; Capital Club Beijing; and Metropolitan Club Chicago.

33.     On July 9, 2017, the Individual Defendants caused the Company to enter into the Merger Agreement, pursuant to which the Company will be acquired by Apollo.

34.     The Individual Defendants have all but ensured that another entity will not emerge with a competing proposal by agreeing to a "no solicitation" provision in the Merger Agreement that prohibits the Individual Defendants from soliciting alternative proposals and severely constrains their ability to communicate and negotiate with potential buyers who wish to submit or have submitted unsolicited alternative proposals.

35.    Further, the Company must promptly advise Apollo of any proposals or inquiries received from other parties.

36.    Moreover, the Merger Agreement contains a highly restrictive "fiduciary out" provision permitting the Board to withdraw its approval of the Proposed Transaction under extremely limited circumstances, and grants Apollo a "matching right" with respect to any "Superior Proposal" made to the Company.

37.    Further locking up control of the Company in favor of Apollo, the Merger Agreement provides for a "termination fee" of $34.2 million payable by the Company to Apollo if the Individual Defendants cause the Company to terminate the Merger Agreement.

38.    By agreeing to all of the deal protection devices, the Individual Defendants have locked up the Proposed Transaction and have precluded other bidders from making successful competing offers for the Company.

39.    The merger consideration to be provided to plaintiff and the Class in the Proposed Transaction is inadequate.

40.    Among other things, the intrinsic value of the Company is materially in excess of the amount offered in the Proposed Transaction.

41.    Accordingly, the Proposed Transaction will deny Class members their right to share proportionately and equitably in the true value of the Company's valuable and profitable business, and future growth in profits and earnings.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

42.    Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

43.    The Proxy Statement omits material information with respect to the Proposed

Transaction, which renders the Proxy Statement false and misleading.

44.     First, the Proxy Statement omits material information regarding ClubCorp's financial projections and the analyses performed by the Company's financial advisors, Jefferies LLC ("Jefferies") and Wells Fargo Securities, LLC ("Wells Fargo").

45.     With respect to ClubCorp's financial projections, the Proxy Statement fails to disclose unlevered free cash flow and its constituent line items.

46.     With respect to Jefferies' *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose:  (i) standalone unlevered, after-tax free cash flows and the corresponding definition and line items; (ii) the terminal values of ClubCorp; (iii) the estimated value of ClubCorp's potential net operating loss carryforwards expected by management to be utilized by ClubCorp during the fiscal years ending December 26, 2017 through December 28, 2021; and (iv) the inputs and assumptions underlying the discount rate ranges of 9.0% to 10.0% and 11.5% to 12.5% and the perpetuity growth rate range of 2.75% to 3.25%.

47.     With respect to Jefferies' *Selected Public Companies Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for the companies observed by Jefferies in the analysis.

48.     With respect to Jefferies' *Selected Precedent Transactions Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Jefferies in the analysis.

49.     With respect to Jefferies' analysis of premiums paid, the Proxy Statement fails to disclose the transactions observed by Jefferies and the premiums paid in such transactions.

50.     With respect to Wells Fargo's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose:  (i) standalone unlevered, after-tax free cash flows and the

corresponding definition and line items; (ii) the terminal values of ClubCorp; (iii) the estimated value of ClubCorp's potential net operating loss carryforwards expected by management to be utilized by ClubCorp during the fiscal years ending December 26, 2017 through December 28, 2021; and (iv) the inputs and assumptions underlying the discount rate ranges of 9.0% to 10.0% and 11.5% to 12.5%.

51.     With respect to Wells Fargo's *Selected Public Companies Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for the companies observed by Wells Fargo in the analysis.

52.     With respect to Wells Fargo's *Selected Precedent Transactions Analysis*, the Proxy Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Wells Fargo in the analysis.

53.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.   Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

54.     The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement:  (i) "Background of the Merger"; (ii) "Recommendation of the Board and Reasons for the Merger"; (iii) "Opinions of ClubCorp's Financial Advisors"; and (iv) "Certain Financial Projections."

55.     Second, the Proxy Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

56.     Specifically, the Proxy Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of ClubCorp's officers and directors, including who participated in all such communications.

57.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

58.     The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement:  (i) "Background of the Merger"; (ii) "Recommendation of the Board and Reasons for the Merger"; and (iii) "Interests of ClubCorp's Executive Officers and Directors in the Merger," including the following sentence:  "Parent (or its representatives) and some or all of our executive officers may have discussions from time to time with respect to such arrangements."

59.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to ClubCorp's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and ClubCorp

60.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

61.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and

Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  ClubCorp is liable as the issuer of these statements.

62.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

63.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

64.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

65.     The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

66.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

67.     Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants and Apollo**

68.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

69.    The Individual Defendants and Apollo acted as controlling persons of ClubCorp within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of ClubCorp and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

70.    Each of the Individual Defendants and Apollo was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

71.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly in the making of the Proxy Statement.

72.    Apollo also had direct supervisory control over the composition of the Proxy Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Proxy Statement.

73.     By virtue of the foregoing, the Individual Defendants and Apollo violated Section 20(a) of the 1934 Act.

74.     As set forth above, the Individual Defendants and Apollo had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: August 8, 2017

**KEMP, JONES & COULTHARD LLP**


By: _____*/s/ Michael J. Gayan*_____

Michael J. Gayan
Nevada Bar #11135
Wells Fargo Tower, 17th Floor
3800 Howard Hughes Parkway
Las Vegas, NV 89169
(702) 385-6000

*Attorneys for Plaintiff*

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long
Gina M. Serra
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800

## CERTIFICATION OF PLAINTIFF

I, Robert Berg ("Plaintiff"), hereby declare as to the claims asserted under the federal securities laws that:

1. Plaintiff has reviewed the complaint and authorizes its filing.

2. Plaintiff did not purchase the security that is the subject of this action at the direction of Plaintiff's counsel or in order to participate in any private action.

3. Plaintiff is willing to serve as a representative party on behalf of the class, either individually or as part of a group, and I will testify at deposition or trial, if necessary. I understand that this is not a claim form and that I do not need to execute this Certification to share in any recovery as a member of the class.

4. Plaintiff's purchase and sale transactions in the ClubCorp Holdings, Inc. (NYSE: MYCC) security that is the subject of this action during the class period is/are as follows:

**PURCHASES**

| Buy Date | Shares | Price per Share |
|---|---|---|
| 2/28/17 | 60 | $17.20 |
| | | |
| | | |
| | | |

**SALES**

| Sell Date | Shares | Price per Share |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

***Please list additional transactions on separate sheet of paper, if necessary.***

5. Plaintiff has complete authority to bring a suit to recover for investment losses on behalf of purchasers of the subject securities described herein (including Plaintiff, any co-owners, any corporations or other entities, and/or any beneficial owners).

6.      During the three years prior to the date of this Certification, Plaintiff has not moved to serve as a representative party for a class in an action filed under the federal securities laws.

7.      Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond Plaintiff's *pro rata* share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___27th___ day of July, 2017.

_____
                Robert Berg