**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ROBERT BERG, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CLUBCORP HOLDINGS, INC., JOHN A. BECKERT, DOUGLAS H. BROOKS, ERIC L. AFFELDT, JANET GROVE, JEFF LAMB, LOU J. GRABOWSKY, EMANUEL R. PEARLMAN, MARGARET SPELLINGS, WILLIAM E. SULLIVAN, SIMON M. TURNER, CONSTELLATION CLUB PARENT, INC., CONSTELLATION MERGER SUB INC., and APOLLO GLOBAL MANAGEMENT, LLC,<br><br>Defendants. | ) | Case No. 2:17-cv-02127-APG-VCF |

**STIPULATION OF DISMISSAL**

WHEREAS, on August 8, 2017, plaintiff Robert Berg ("Plaintiff") filed the above-captioned action (the "Action") challenging the disclosures made by ClubCorp Holdings, Inc. ("ClubCorp") in connection with the proposed acquisition of ClubCorp by funds managed by affiliates of Apollo Global Management, LLC ("Apollo Global"), Constellation Club Parent, Inc. ("Parent") and Constellation Merger Sub Inc. ("Merger Sub," and together with Parent and Apollo Global, "Apollo"), pursuant to a definitive agreement and plan of merger filed with the United States Securities and Exchange Commission ("SEC") on July 9, 2017 (the "Transaction");

WHEREAS, the Action asserts claims for violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 in connection with ClubCorp's Preliminary Proxy Statement on

Schedule 14A filed with the SEC on July 26, 2017 and the Definitive Proxy Statement on Schedule 14A filed with the SEC on August 8, 2017 (collectively, the "Proxy Statement");

WHEREAS, on September 6, 2017, ClubCorp filed a Form 8-K that contained a supplement to the Definitive Proxy Statement that included certain additional information relating to the Transaction (the "Supplemental 8-K");

WHEREAS, on September 15, 2017, ClubCorp stockholders voted to approve the Proposed Transaction;

WHEREAS, based on his review and analysis of the above disclosures, among other things, Plaintiff has determined to dismiss his Complaint as moot and/or not proceed on the remaining claims;

WHEREAS, Defendants expressly deny that Plaintiff ever asserted any viable claim that could now be considered moot, but concur that such dismissal is appropriate because no viable claim exists;

WHEREAS Plaintiff believes that the Supplemental 8-K mooted claims set forth by Plaintiff in the Complaint, and further believes that the prosecution of the Action caused the disclosure of certain material information in the Supplemental 8-K which benefited shareholders. As a result, plaintiff believes that his counsel are entitled to assert a claim for attorneys' fees and expenses based on mootness grounds (the "Mootness Fee Claim");

WHEREAS, Defendants maintain that they have diligently complied with all of their legal obligations, and expressly deny that the Complaint states any claim, that they committed or aided and abetted in any violation of law or engaged in any wrongful acts alleged in the Complaint, that the Action caused the disclosure of material information or obtained a benefit for

shareholders, and that Plaintiff or his counsel is entitled to any attorneys' fees or expenses on any ground. Defendants accordingly reserve all rights, arguments, and defenses, including the right to oppose any Mootness Fee Claim;

WHEREAS, no class has been certified in the Action;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiff or his attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee application;

NOW, THEREFORE, upon consent of the parties:

IT IS HEREBY STIPULATED AND AGREED, this 25th day of October 2017,

1. The Action is dismissed.

2. The Court retains jurisdiction of the Action solely for the purpose of determining a Mootness Fee Claim, if filed.

3. This Stipulation is entered into without prejudice to any right, position, claim, or defense any party may assert with respect to the Mootness Fee Claim.

4. Upon completion of briefing, the parties shall promptly contact the Court to schedule argument regarding a Mootness Fee Claim at a time convenient to the Court.

5. If the parties reach an agreement concerning the Mootness Fee Claim, Plaintiff will notify the Court. Upon the filing of such a notice, the Action shall be closed without requiring further action or order by the Court.

Dated: October 25, 2017

**KEMP, JONES & COULTHARD LLP**

By: */s/ Michael J. Gayan*

Michael J. Gayan
Nevada Bar No. 11135
Wells Fargo Tower, 17th Floor
3800 Howard Hughes Parkway
Las Vegas, NV 89169
(702) 385-6000

*Attorneys for Plaintiff*

**OF COUNSEL:**
**RIGRODSKY & LONG, P.A.**
Brian D. Long
Gina M. Serra
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312

Dated: October 25, 2017

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

By: */s/ Maximilien D. Fetaz*

Kirk B. Lenhard, Esq., NV Bar No. 1437
Maximilien D. Fetaz, Esq., NV Bar No. 12737
100 North City Parkway, Suite 1600
Las Vegas, NV 89106

*Attorneys for Defendants Clubcorp Holdings, Inc., John A. Beckert, Douglas H. Brooks, Eric L. Affeldt, Janet Grove, Jeff Lamb, Lou J. Grabowsky, Emanuel R. Pearlman, Margaret Spellings, William E. Sullivan, Simon M. Turner, Constellation Club Parent, Inc., and Constellation Merger Sub Inc.*

**OF COUNSEL:**
**SIMPSON THACHER & BARTLETT LLP**
James G. Kreissman
Stephen P. Blake
2475 Hanover Street
Palo Alto, California 94304
(650) 251-5000

Dated: October 25, 2017

**PISANELLI BICE, PLLC**

By: */s/ Robert A. Ryan*
James J. Pisanelli, Esq.
Nevada Bar No. 4027
Robert A. Ryan, Esq.
Nevada Bar No. 12084
400 S. 7th Street, Suite 300
Las Vegas, NV 89101

*Attorneys for Defendant Apollo Global Management, LLC*

**OF COUNSEL:**
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Lewis R. Clayton, Esq.
Jonathan Hurwitz, Esq.
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

* * *

**SO ORDERED:**

______________________________
Hon. Andrew P. Gordon, U.S.D.J.